IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:98-cr-00002-SPM

ISRAEL HERNANDEZ,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 175, Amended Motion to Vacate under 28 U.S.C. § 2255, by Israel Hernandez. In his motion, Defendant presents one claim for relief, namely, that counsel was ineffective for failing to file a notice of appeal after he was specifically directed to do so. Having carefully considered the matter, the Court recommends that the motion be denied as untimely.

Defendant pled guilty to conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, Doc. 152, and on December 15, 2003, he was sentenced to 120 months imprisonment. Judgment was entered on December 20, 2003. Doc. 164. Defendant did not appeal his sentence, and thus, his conviction became final ten days later. Fed. R. App. P. 4(b). Defendant filed his original motion to vacate, Doc. 168, on March 14, 2005. *See Houston v. Lack*, 487 U.S. 266, 275 (1988) (*pro se* prisoner's document is considered filed on date that

prisoner delivers document to prison authorities for mailing).

>Section 2255 provides:
>
>A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. "A 1-year period of limitation shall apply to a motion under this section." *Id*.

The one-year limitations period

>shall run from the latest of–
>
>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

Under subsection (1), the motion is patently untimely, as it was not filed within one year of the date of finality. Although a later date--such as "the date on which the facts supporting the claim...presented could have been discovered through the exercise of due diligence"--can apply in determining whether a § 2255 motion has been timely filed, instant Defendant has not addressed the issue of timeliness whatsoever, and thus, there is nothing in the record to suggest

that a later filing date should apply. Furthermore, while § 2255's period of limitations may be equitably tolled in the proper case, "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). As noted, Defendant has provided the Court with nothing to suggest that equitable tolling applies in this case. Therefore, the instant motion is untimely.

In light of the foregoing, it is respectfully **RECOMMENDED**:

That Defendant's amended motion to vacate, Doc. 175, be **DENIED;**

That Defendant's motion for discovery, Doc. 179, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this  **26th**  day of July, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**